JS - 6     **LINKS: 6, 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00144 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | James R. Johnson v. Wells Fargo Home Mortgage et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     **(In Chambers)**

<u>**ORDER RE: MOTIONS TO REMAND AND TO DISMISS**</u>

**I.
INTRODUCTION & BACKGROUND**

Plaintiff James R. Johnson brings this action against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), alleging that Defendant breached its obligation to offer him a home loan modification. The complaint was filed on December 19, 2011, in San Bernardino Superior Court, and removed to this Court on January 31, 2012, pursuant to 28 U.S.C. § 1332(a). (Docket No. 1, Not. & Ex. A [Compl.]) Now pending before the Court are Plaintiff's motion to remand, and Defendant's motion to dismiss. (Docket Nos. 6, 7.) For the reasons set forth below, the Court concludes that Defendant's removal was premature. Accordingly, the Court **GRANTS** the motion to remand and **DENIES as moot** the motion to dismiss.

Plaintiff alleges that, on or about August 20, 2007, he received a Grant Deed to real property located at 5858 Wilshire Drive in Fontana, California ("the Property"). (Compl. ¶ 5.) Plaintiff alleges that he "borrowed [an unspecified amount of] money from one or more of the Defendants or its subsidiaries or affiliates or successors and assigns between January 1, 2003, and December 31, 2009," secured by a Deed of Trust on the Property. (<u>Id.</u> ¶¶ 6–7.) At all times relevant to the allegations contained in the complaint, Plaintiff alleges that "one or more of the Defendants have acted as Servicer or [in] some other control capacity over processing the loan." (<u>Id.</u> ¶ 7.)

Plaintiff alleges that "Defendants contracted with Fannie Mae and/or Freddie Mac to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00144 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | James R. Johnson v. Wells Fargo Home Mortgage et al. | | |

participate in the Home Affordable Modification Program (HAMP), and agreed to participate in the program when it accepted TARP money from the United States government.  (Id. ¶¶ 20–21.) Plaintiff thereafter submitted requests for a loan modification, along with all necessary documentation, which were accepted for review.  (Id. ¶ 22.)  Nevertheless, Plaintiff alleges that Defendants failed to provide him with a loan modification "consistent with the terms of the [HAMP] agreements signed by Defendants," despite his being qualified for such assistance.  (Id. ¶ 23.)  In particular, Plaintiff alleges that, despite his submission of a "qualified written request," Defendant has failed to comply with HAMP guidelines requiring participants to "provide foreclosure avoidance," and to provide him with information that may assist him in seeking a loan modification.  (Id. ¶¶ 24–26.)  Plaintiff alleges that, as a result of these failures, he faces "imminent foreclosure because payment default is reasonably foreseeable."  (Id. ¶ 28.)

Plaintiff asserts one cause of action for breach of contract, alleging that "Defendants breache[d] the Deed of Trust by failing to follow applicable law," in particular California Civil Code section 2923.5.  (Id. ¶¶ 29–45.)  Plaintiff alleges that, notwithstanding the California Legislature's "intent . . . that, prior to foreclosure, the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority", Defendant "failed to properly assess Plaintiff's financial situation and to explore options through which he might avoid foreclosure.  (Id. ¶ 37.) In particular, Plaintiff alleges that Defendant violated California Civil Code section 2923.5 by failing to [1] "make initial contact"; [2] "satisfy [that provision's] due diligence requirements"; [3] "contact the borrowers in person or by telephone in order to assess [their] financial situation and explore options . . . to avoid foreclosure"; [4] "advise the borrowers that [they] ha[ve] the right to request a subsequent meeting; and [5] schedule a meeting "within 14 days of an advisement of the right to a meeting".  (Id. ¶ 38.)

Plaintiff also alleges, within his breach of contract claim, that Defendants violated various provisions of the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA), and seeks damages pursuant to those statutes.  (Id. ¶¶ 31–35, 39–44.)  However, Plaintiff explicitly states that he is not bringing federal causes of action, and that Defendants' "actions and omissions [with respect to these federal statutes] are relevant to the causes of action alleged . .. [because] (1) such actions and omissions and the potential consequences thereof were concealed from Plaintiffs; and (2) such actions and omissions are relevant to assessing whether there is liability for breach of contract."  (Id. ¶ 18.)

In his prayer for relief, Plaintiff seeks [1] actual damages; [2] general damages in excess of $25,000; [3] special damages according to proof; [4] declaratory relief; [5] injunctive relief; [6] civil penalties; [7] attorney's fees; and [8] other such relief as the Court may deem just and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00144 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | James R. Johnson v. Wells Fargo Home Mortgage et al. | | |

proper. (Id. at 9.) In his reply in support of the motion to remand, Plaintiff insists that he is not seeking to "enjoin or interfere with foreclosure beyond what Plaintiff is legally entitled to." (Docket No. 12, Reply at 3.) Rather, Plaintiff clarifies that the "complaint seeks loan modification, alternatives to loan modification, information regarding the servicing of the loan, a legally compliant assessment of his financial options, and monetary damages." (Id. ¶ at 4.)

## II.
## DISCUSSION

**A. LEGAL STANDARD GOVERNING MOTION TO REMAND**

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure." Flatwire Solutions, LLC v. Sexton, 2009 WL 5215757, at *1 (C.D. Cal. Dec. 29, 2009) (citing 28 U.S.C. § 1447(c)). "Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "The party seeking removal bears the burden of establishing federal jurisdiction." Id. (citing Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Id. (citation omitted).

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts have jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000, and where the matter is between citizens of different states. 28 U.S.C. § 1332(a). "It is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990) (citation omitted).

"The jurisdictional minimum may be satisfied by claims for special and general damages, punitive damages, and attorneys' fees." Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002). See also Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). However, accrued interest and costs of the suit are not considered in determining the amount in controversy. 28 U.S.C. § 1332(a); Rippee v. Boston Market Corp., 408 F.Supp.2d 982, 984 (S.D. Cal. 2005).

"[W]here it is unclear or ambiguous from the face of a state-court complaint whether the

JS - 6  **LINKS: 6, 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00144 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | James R. Johnson v. Wells Fargo Home Mortgage et al. | | |

requisite amount in controversy is pled . . . the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez, 103 F.3d at 404; see also Gaus, 980 F.2d at 566–77 ("If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.")

**B. APPLICATION TO DEFENDANT'S NOTICE OF REMOVAL**

The parties do not dispute that complete diversity exists in this case. Plaintiff is alleged to be a citizen of California, and Wells Fargo is a national banking association with its main office in South Dakota. (See Not. at 3.) For purposes of citizenship under 28 U.S.C. § 1332, a national banking association is deemed to be "located" in the state in which it has its main office, as set forth in its articles of incorporation. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).[1] The parties argument is thus confined to the issue of whether Wells Fargo has met its burden to demonstrate that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

Because it is unclear from the face of Plaintiff's complaint whether or not the amount in controversy requirement is met, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. In their notice of removal, Defendants contend that the requirement is met because the loan which is the subject of this

---

[1] District courts have split on whether a national banking association is also "located" in the state of its principal place of business. Compare Tse v. Wells Fargo Bank, N.A., No. 10-4441, 2011 WL 175520, at *2 (N.D. Cal. Jan. 19, 2011) ("[T]he test for a national bank's citizenship under section 1348 is determined solely by the location of its main office designated in its articles of association"); DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1123–24 (N.D. Cal. 2010); with Saberi v. Wells Fargo Home Mortg., No. 10-1985, 2011 WL 197860, at *3 (S.D. Cal. Jan. 20, 2011) (holding that national bank was "a citizen of both the state in which it has designated its main office and the state where it has its principal place of business"); Mount v. Wells Fargo Bank, N.A., No. 08-6298, 2008 WL 5046286, at *1 (C.D. Cal. Nov. 24, 2008) (same). This Court recently addressed this question in Narges Kasramehr v. Wells Fargo Bank NA et al, No. 5:11-cv-00551-GAF-OP. For the reasons set forth in the Court's May 17, 2011, Order in that case, the Court concludes that a national banking association is a citizen only of the state in which its "main office" is located. See Order Vacating Order to Show Cause Re: Diversity Jurisdiction, Narges Kasramehr v. Wells Fargo Bank NA et al, No. 5:11-cv-00551-GAF-OP, Docket No. 11 (May 17, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00144 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | James R. Johnson v. Wells Fargo Home Mortgage et al. | | |

litigation was for $520,000. (Not. at 4.)

However, district courts addressing loan modification cases have not calculated the amount in controversy by reference to the total loan amount. In Soto v. Litton Loan Servicing, the plaintiff sought damages stemming from the defendant's denial of a loan modification, but did not assert a specific damages figure in its complaint. 2011 WL 724746, at *3 (N.D. Cal. Feb. 22, 2011). In that case, as in this one, "Defendant ha[d] not identified any facts regarding the terms of the modification or provided any case law holding that a HAMP loan modification satisfies the amount in controversy requirement." Id. The defendant there also claimed that the amount in controversy requirement was satisfied "because, by seeking to procure a loan modification from Defendant, Plaintiffs [we]re attempting to avoid foreclosure of their house, which Defendant contend[ed] [was] worth more than $75,000." Id. at *4. The court rejected that argument, finding that "while [the complaint] mentions that Plaintiffs may face foreclosure as a result of Defendant's refusal to grant a loan modification . . . nothing in [the complaint] indicates that Plaintiffs are seeking to stop the foreclosure process in this lawsuit." Id. The defendant also argued that because "attorney fee awards in mortgage foreclosure litigation are often substantial . . . it [was] probabl[e] that, if successful, Plaintiffs will seek more than $75,000 in fees . . . ." Id. The court rejected that argument as well, finding that "Defendant's assertion that Plaintiff's request for fees, costs, and punitive damages would exceed $75,000 amounts to nothing more than speculation." Id. at 5.

As the Soto court noted, two other district courts have reached the same conclusion with respect to cases involving HAMP loan modifications. See Moreno v. Select Portfolio Servicing, Inc., 2010 WL 2525980, at *8–9 (E.D. Cal. Jun. 23, 2010) (rejecting defendant's argument that amount in controversy was satisfied because the plaintiff was seeking a modification of a $448,000 loan and an injunction to enjoin any foreclosure sale of the property); Reed v. Chase Home Finance, LLC, 2001 WL 321737, at *2–4 (S.D. Ala. Jan. 28, 2011) (holding that defendant failed to show amount in controversy requirement was met by the plaintiff's demand for damages stemming from denial of HAMP loan modification, request to enjoin foreclosure, or the plaintiff's demand for punitive damages).

The Court finds these decisions persuasive. As a logical matter, seeking a loan modification does not place the entire amount of the loan into controversy. Rather, if a plaintiff asserts that he is entitled to a wrongfully denied loan modification, the amount put into controversy is the difference between the value of the existing loan and the proposed modified loan. While it is not clear precisely how that difference would be calculated, the Court need not reach that issue in this case. Because neither the complaint nor the notice of removal refer to any discussions between the parties concerning the loan modification sought in this case, the

JS - 6     LINKS: 6, 7

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00144 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | James R. Johnson v. Wells Fargo Home Mortgage et al. | | |

Court has no basis on which to conclude that this amount exceeds the jurisdictional minimum. Moreover, as in Soto, although Plaintiff discusses the possibility of foreclosure in the complaint, alleging that as a result of Defendants' breach he faces "imminent foreclosure because payment default is reasonably foreseeable," the complaint does not actually seek to enjoin an impending foreclosure. (Id. ¶ 28.) Accordingly, the total loan amount is not the object of this litigation, and merely alleging that the loan exceeds $75,000 is insufficient to meet the jurisdictional minimum.

Finally, Defendant argues that the complaint seeks general damages in excess of $25,000, and that Plaintiff's counsel is billing at a rate of $400 per hour, meaning that "were this case to go to trial Plaintiff's counsel would be required to expend approximately 125 hours in preparation," for a total of $50,000 in attorney's fees. (Opp. at 5.) Alternatively, Defendant contends that even with a minor loan modification, reducing Plaintiff's monthly payment by $250 per month, that reduction would total $62,500 by the end of the remaining term of Plaintiff's loans. (Id. at 5.) As in Soto, however, these arguments amount to nothing more than speculation. 2011 WL 724746, at *5. See also Conrad Associates v. Hartford Acc. & Indem. Co., 994 F.Supp. 1196, 1198 (N.D. Cal. 1998) ("A speculative argument regarding the potential value of the award is insufficient.")

Accordingly, Defendant has failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The Court therefore concludes that it lacks subject matter jurisdiction to hear this case under 28 U.S.C. § 1332(a),[2] and **GRANTS** the motion to remand.

## C. REQUEST FOR ATTORNEYS' FEES

Plaintiff also requests an award of attorneys' fees. Pursuant to 28 U.S.C. § 1447(c), a district court has the discretion to award attorneys' fees and costs upon remand if the defendant lacked an "objectively reasonable" basis for removal. See Martin v. Franklin Capital Corp., 546

---

[2] Defendant assert in its opposition to the present motion, for the first time, that the Court also has federal question jurisdiction to hear this case under 28 U.S.C. § 1331. However, even if Plaintiff's reference to federal laws in their state law breach of contract claim was sufficient to create federal question jurisdiction, Defendant did not make this allegation in its notice of removal, and the Court will not consider it on a motion to remand. See Thomason v. Skywest Airlines, Inc., 2012 WL 812378, at *2 (E.D. Cal. Mar. 9, 2012) ("When reviewing a motion to remand, a district court must analyze jurisdiction 'on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.'") (quoting Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998)).

JS - 6     **LINKS: 6, 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00144 GAF (SPx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | James R. Johnson v. Wells Fargo Home Mortgage et al. | | |

U.S. 132, 141 (2005); Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (upholding fee award under § 1446(c) where the removal was "frivolous"). Although the Court concludes that Defendant's removal lacked merit, the above discussion should demonstrate that the petition and arguments made in support thereof were carried forward in good faith. Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees.

## III.
## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is **GRANTED**, and the case is **REMANDED** to San Bernardino County Superior Court. Defendant's motion to dismiss is **DENIED as moot**. The hearing on this motion presently scheduled for **April 16, 2012**, is **VACATED**.

**IT IS SO ORDERED.**